11-1754-ag
Hussein v. Holder

BIA
Videla, IJ
A072 753 491

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
>       ROBERT A. KATZMANN,
>       REENA RAGGI,
>       RAYMOND J. LOHIER, JR.,
>           *Circuit Judges.*

_____

MURTADA ABBAS HUSSEIN, AKA MURTADA HUSSEIN,
>       *Petitioner,*

>       v.                                    11-1754-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Murtada Abbas Hussein, a native and citizen of the Sudan, seeks review of an April 12, 2011 order of the BIA, affirming a September 3, 2009 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Murtada Abbas Hussein*, No. A072 753 491 (B.I.A. Apr. 12, 2011), *aff'g* No. A072 753 491 (Immig. Ct. N.Y. City Sept. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's

2

demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Hussein not credible, the agency reasonably relied on his unresponsive and evasive demeanor, which was supported with specific citations to the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, in recounting Hussein's testimony concerning the omission of his prior arrests from his application, the IJ specifically noted that he "gave a series" of unresponsive answers, identifying those responses. In addition, the IJ explicitly noted that Hussein gave various non-responsive answers when questioned about the omission of his full employment history from his application and the Sudanese government's awareness of his activities in the United States. During the hearing, the IJ repeatedly instructed Hussein regarding his unresponsive and evasive demeanor and also noted that he was smiling when asked about his arrest for sexual assault and resisting arrest. While Hussein takes issue with the IJ's demeanor

finding for failing to discuss his "entire demeanor," because demeanor is "virtually always evaluated subjectively and intuitively," we defer to the IJ's assessment. *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

The agency also reasonably relied on omissions from Hussein's application and inconsistencies in his testimony in making its adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008)(providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). As the agency noted, Hussein failed to disclose his prior arrests and ten year employment at a women's clothing store on his initial application. When questioned about his failure to disclose his prior arrests, although Hussein stated that "[n]obody translated this application to me," he previously had represented that every word of the application had been translated to him. While these omissions and inconsistencies do not go to the heart of Hussein's claim, they are nevertheless a proper basis for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

4

Moreover, notwithstanding Hussein's unsupported assertion to the contrary, the mere fact that he amended his withholding application – in the middle of his merits hearing, after offering inconsistent testimony, and after being specifically invited by the IJ to do so – does not cure the inconsistencies in the record. *See Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir. 2005) ("It strains credulity to hold that [we are compelled] to find Kaur believable for the sole reason that she admitted to being a liar."). While Hussein also argues that he provided a reasonable explanation for the inconsistencies and omissions, namely, that he did not understand the written questions, in light of his prior admission that his application was fully read and translated to him, the agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.")(internal quotation marks omitted). Given the demeanor finding and the inconsistencies and omissions, the agency's adverse credibility determination is supported by substantial

5

evidence, and provided a valid basis for the denial of both withholding of removal and CAT relief, as the claims shared the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Before this Court, Hussein also argues that the IJ failed to consider photographs of his protest activities in the U.S. and a membership letter from the Darfur People's Association. Because, as the government points out, Hussein did not raise this issue before the BIA, it is unexhausted and we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-23 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk